110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael WHITFIELD, aka Michael Monroe, Plaintiff-Appellant,
v.
FRESNO COUNTY DETENTION FACILITY, et al., Defendants-Appellees.
 No. 95-17072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 24, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 MEMORANDUM*
 Whitfield appeals the dismissal of his civil rights complaint. During the pendency of this appeal, counsel informed the court that Whitfield was a detained parolee when the events at issue occurred.[1] The district court analyzed his rights as a convicted prisoner under Sandin v. Conner, 115 S.Ct. 2293 (1995). Whitfield argues that his constitutional rights were those of a pretrial detainee as defined in Bell v. Wolfish, 441 U.S. 520 (1979), and Mitchell v. Dupnik, 75 F.3d 517 (9th Cir.1996). The parties agreed at oral argument that amendments to the pleadings are necessary to properly frame the issues.
 Accordingly, we vacate and remand this case to allow amendments and for a determination of Whitfield's due process rights as a detained parolee assigned to administrative segregation.
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Whitfield was well represented on appeal by legal interns John W. Kluksdal and Courtnie R. Tucker with the guidance of supervising attorney Maureen E. Laflin of the University of Idaho College of Law Legal Aid Clinic